**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERYL JOHNSON, et al. | : | |
| v. | : | NO. 21-CV-5541 |
| CITY OF PHILADELPHIA, et al. | : | |

**SECOND AMENDED SCHEDULING ORDER**

**AND NOW**, this 1st day of April, 2025, upon consideration of the unopposed request for an extension of the briefing schedule from the Estate of Saul Montgomery, it is hereby **ORDERED** that:

1. No later than **JUNE 1, 2025**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

2. All motions *in limine* shall be filed no later than **JUNE 13, 2025**.

3. Responses to motions *in limine* shall be filed no later than **JUNE 20, 2025**.

4. Any objection to the proposed evidence of another party shall be filed no later than **JUNE 13, 2025**. Responses shall be filed no later than **JUNE 20, 2025**.

5. Any objection to designations of deposition testimony shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of the objection. The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

6. Any party objecting to the admissibility of any item of evidence expected to be offered, any exhibit based on authenticity, or any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection, clearly and

concisely. The objection shall describe with particularity the ground and the authority for the objection. Any objection offered at trial in respect to any matter covered by this paragraph will be overruled if the objection should have been made as required by this Order.

7. No later than **JUNE 30, 2025**, the parties shall file with the Clerk of Court joint proposed *voir dire* questions, jury instructions on substantive issues and proposed verdict forms. Each party shall also file proposed *voire dire* questions, jury instructions, and verdict forms on those issues not agreed upon by the parties in their joint submission.

8. A final pretrial conference will be held on **JULY 10, 2025, at 10:00 a.m., in Chambers.** Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

a. At the final pretrial conference, the parties shall provide two copies of a schedule of exhibits which shall describe each exhibit.

b. Counsel shall meet and confer to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve.

c. At the final pretrial conference, counsel shall be prepared to address outstanding motions *in limine*, to state objections to witnesses and exhibits, and to respond to opposing counsel's objections. Exhibits shall be provided on a memory device with a USB interface, such as a flash drive, thumb drive or memory stick. Exhibits to which there are objections shall be arranged and tabbed in three-ring binders.

9. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all parties and approved by the Court.

10. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

11. Trial shall begin in this case on **JULY 14, 2025, at 9:00 a.m.**, in **Courtroom 3C**. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

BY THE COURT:

*/s/ Scott W. Reid*

SCOTT W. REID
UNITED STATES MAGISTRATE JU