IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL JOHNSON, et al. | : |
| v. | : NO. 21-CV-5541 |
| CITY OF PHILADELPHIA, et al. | : |

**O P I N I O N**

SCOTT W. REID  					DATE:  January 6, 2026
UNITED STATES MAGISTRATE JUDGE

In this case, minor plaintiff S.M., acting through his mother and natural guardian, Cheryl Johnson, is one of several plaintiffs who sued the City of Philadelphia and several police officers in connection with the death by suicide of Saul Montgomery, III, while he was in the custody of the Philadelphia Police Department on December 20, 2019.  S.M. is the child of Saul Montgomery, III.  The other plaintiffs are the decedent's two adult children.

Cheryl Johson, as mother and natural guardian for S.M., and counsel Jonathan James, Esq., now petition the Court for approval of a Minor's Compromise in the settlement of this matter.  For the reasons that follow, the Petition for Approval of Minor's Compromise ("the Petition") will be granted.

I.	*Factual Background*

Following negotiations presided over by the Honorable Carol Sandra Moore Wells, the parties propose to settle this case for a total amount of $180,000.00, of which S.M. would recover $60,000.00.  Of this amount, $19,729.17 would be allocated to counsel as attorney's fees, and $812.50 would be allocated to counsel to reimburse costs and expenses.  The remaining $39,458.33 would be allocated to S.M., available to him when he turns eighteen.

II.     *Relevant Legal Standards*

Under the rules of this Court, "no claim of a minor … shall be compromised, settled, or dismissed unless approved by the court." *Local Rule of Civil Procedure for the Eastern District of Pennsylvania* 41.2(a).  Nor may a counsel fee, cost, or expense be paid out of any fund obtained for a minor as a result of a "compromise, settlement, dismissal or judgment" unless approved by the court.  *Id*. at *Rule* 41.2(c).

In considering whether to approve a settlement, the Court is charged with protecting the best interests of the minor.  *Epps v. Geico Secure Ins. Co*., Civ. A. No. 23-1337, 2023 WL 5985281 at *1-2 (E.D. Pa. Sep. 14, 2023); *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp.2d 665, 669 (E.D. Pa. 2000).  A court must consider the party's petition for approval of the settlement, which should include all relevant facts and the reasons why the minor's guardian believes the settlement is desirable and why it is in the minor's best interest to settle the action.  *A.F. v. Leisure Time Products, LLC*, Civ. A. No. 22-4914, 2024 WL 493421 at *1-2 (E.D. Pa. Feb. 7, 2024), *quoting Lee v. Victoria's Secret, LLC*, Civ. A. No. 10-3662, 2012 WL 628015 at *2 (E.D. Pa. Feb. 27, 2012).

Courts are reluctant to disturb valid contingency fee arrangements.  *Epps*, *supra* at *1.  Nevertheless, "regardless of any fee agreement, as the protector of the minor's interests, the court must independently investigate the fee to be charged to ensure that it is fair and reasonable." *Id*., *quoting J.N. v. Penn-Delco School District*, Civ. A. No. 14-1618, 2017 WL 395481 at *4 (E.D. Pa. Jan. 30, 2017).  The court therefore has the discretion to adjust the amount of counsel fees taken from a settlement involving a minor even where the party entered a contingency fee arrangement.  *Philadelphia Trust Co. v. Temple Univ. Hospital, Inc.*, Civ. A. No. 21-3413, 2025 WL 3068735 at *2 (E.D. Pa. Nov. 3, 2025), *quoting Lee*, *supra*, at *3.

III.    *Discussion*

The Petitioners explain why they believe that the settlement is desirable, and why it is in S.M.'s best interest.  They explain that, although Plaintiffs allege that Defendants acted with deliberate indifference in failing to place the decedent on suicide watch or house him in a suicide prevention cell, despite his statements of suicidal intent, the Defendants deny this.  *Petition*, at ¶¶ 6-11.  Specifically, evidence exists which suggests that the risk of suicide "was refuted by updated facts."  *Id*. at ¶ 17.

Further, Plaintiffs face the "highly challenging" task of overcoming qualified immunity under §1983, requiring them to prove "not only deliberate indifference to a known substantial risk of suicide but also that [the Defendants' acts] contravened clearly established law in a particularized context."  *Id*. at ¶ 16.  Even if Plaintiffs could succeed in overcoming qualified immunity by demonstrating deliberate indifference that went beyond negligence, the economic value of the case is limited by "the decedent's lack of a provable employment history."  *Id*. at ¶ 19.

The Petitioners also explain that the requested attorney's fee in the amount of one third of the recovery, after expenses are deducted, is consistent with the contingency fee agreement executed by S.M. through his guardian.  *Fee Agreement*, attached to *Petition* as Exhibit B.

Moreover, the Petitioners specify that the total costs and expenses of $2,437.50 include a $402.00 filing fee in this case, a $244.25 fee for raising the estate in Philadelphia Probate Court, as well $1,278.75 in expenditures by counsel for the two other plaintiffs.  *Petition* at Exhibit C.  The expenses have been divided between the three plaintiffs, with each to pay $812.50.  *Petition* at ¶¶ 12-13.

I have also taken into account the fact that the parties negotiated this settlement at arm's length and in good faith, in conferences presided over by my colleague, Judge Wells. *Petition* at ¶ 9.

On the basis of the above considerations, I conclude that a $60,000.00 settlement of the claims belonging to minor plaintiff S.M. is adequate and reasonable to compensate S.M. for the losses suffered as a result of the death of his father, considering the facts of the case, the potential cost of trial, and the likelihood of success. Given these factors, the attorney's fee is reasonable. The settlement is, therefore, in the best interests of the minor plaintiff, S.M.

IV.   *Conclusion*

For the reasons stated above, I will, in a separate order of this date, GRANT the Petition for Approval of Minor's Compromise filed by Petitioners Cheryl Johnson and Jonathan J. James, Esq. and docketed as ECF Document No. 53, and will direct the disposition of the proceeds of the settlement of S.M.'s claims in accordance with the Petition.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE